## Case No. 18,225.

### ARCHER v. MOREHOUSE.

[Hempst. 184.] [1]

Superior Court, Territory of Arkansas. July, 1832.

TRIAL OF ISSUES—EFFECT OF JUDGMENT—PLEA OF PAYMENT—INTEREST.

1. Where a case is submitted to the court, all questions of law and fact involved, are necessarily passed on, and the result is embodied in the judgment.

2. In such case no formal and technical finding of the issue is necessary.

3. A general finding for the plaintiff or defendant by a jury is good, and disposes of all the issues.

4. A plea of payment admits all the allegations in the plaintiff's declaration, essential to support the action, and it is unnecessary for the plaintiff to prove them.

5. Judgment may be given for interest from the maturity of the note, or in damages. Either mode is regular.

Error to Chicot circuit court.

Before JOHNSON, ESKRIDGE, and CROSS, JJ.

OPINION OF THE COURT. This was an action of debt, brought by Alanson Morehouse against George W. Archer, in the circuit court of Chicot county, and comes to this court by writ of error. Issues were joined on the pleas of payment at the day, and payment after the day, and neither party requiring a jury, the cause was submitted to the court, and a judgment was rendered in favor of Morehouse, for the sum of eight hundred dollars, to bear ten per cent. interest from the 17th day of November, 1831. Seven grounds are assigned for reversing the judgment of the circuit court, most of which were very properly abandoned in argument, and it will only be necessary to give an opinion on three, relied on in the assignment of errors.

The first ground, and that on which most stress was laid by counsel in argument, is that the circuit court did not, in the judgment which it rendered, make any disposition of the issues of fact joined in the cause; but proceeded to render judgment without

saying anything of such issues. The practice of submitting a cause to the decision of the court is peculiar to the laws of this territory, and was altogether unknown to the common law. The court, when a cause is thus submitted to its decision, performs the office of the jury, in addition to its ordinary duty of deciding the law. The whole cause, whether of law or fact, is before the court; and it passes upon it accordingly. Why is it that the jury, when a cause is tried by them, find a verdict upon the issues joined? It is to enable the court to pronounce a judgment of law upon the facts as ascertained by the jury in their verdict. But even in a cause tried by a jury, a general finding for plaintiff or defendant, according to the practice of this court, is considered good. In this case, the court acting in the double capacity of jury and court, it would seem to be an act of supererogation to spread upon the record a formal finding of the issues. It appears from the judgment of the circuit court, that "issues being joined upon the pleas of payment at the day, and payment after the day, and neither party requiring a jury, the matters and things were submitted to the court. It was adjudged by the court that the plaintiff have, and recover, etc." Can any doubt exist as to the intention of the court? Is there any uncertainty in the judgment? Why, then, incumber the record with a formal and technical finding of the issues? The judgment, as rendered, relates not only to the issues but to all the matters and things in the cause.

The second point which we deem it material to give an opinion upon, calls in question the correctness of the decision, on the subject of the testimony in the cause. The court, it appears from the bill of exceptions, decided that when the plea of payment is relied on by the defendant, it devolves upon him to support such plea by evidence, before the plaintiff will be required to adduce any evidence on his part. There can be no doubt, but that this decision was correct. The plea of payment is an affirmative plea, and the burden of proof is imposed on the defendant. The plea of payment admits all the allegations in the plaintiff's declaration. What do the pleas of payment admit in the case before the court? Why, that the notes declared upon were executed by the defendant, and that the amount of money named in the notes was due from the defendant to the plaintiff at the time of the execution of the notes. All the allegations, therefore, contained in the plaintiff's declaration, essential to the support of his action, being admitted by the defendant in his pleas of payment, it was wholly unnecessary for the plaintiff to produce any evidence on his part.

The third and last point on which we propose to give an opinion calls in question that part of the judgment of the circuit court which relates to the interest. The judgment is for eight hundred dollars, to bear ten per

cent. interest from the 17th day of November, 1831. It is contended that the interest should have been ascertained by the court, and a judgment rendered for it in damages. It is admitted that this is a very common way of giving judgment; but on the other hand, the mode adopted by the circuit court, is sanctioned by the practice of several of the states, especially by the practice in Kentucky, and we cannot conceive that one mode has any particular advantage over the other, each being equally calculated to promote the ends of justice. Judgment affirmed.